Commonwealth *v.* Moody, Appellant.

Submitted December 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leonard M. Sagot* and *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellant.

*James D. Crawford,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 19, 1970:

This is an appeal from the lower court's refusal of defendant's motions for new trial and in arrest of judgment which followed his conviction and sentence, after trial without jury, on indictments charging him with felonious possession of narcotic drugs and use of narcotics, sentence on the latter charge being suspended.

Defendant argues that his arrest without a warrant was illegal, based not on probable cause but on the information of an unreliable and unknown informant; that therefore the heroin that the police officer testified was tossed by defendant onto a cell bench, which defendant denied ever having in his possession, was unlawfully received in evidence against him. A reading of the record, however, reveals that though a codefendant made a motion during the trial to suppress the evidence, which motion was dismissed, appellant made no attempt before or during the trial to have the evidence suppressed. In his appeal to this court he attempts no explanation, reason or excuse for first raising the issue several months *after* trial. He claims as error the failure of the trial court to suppress the evidence though no motion for suppression had been properly and timely filed in the court below in accordance with Rule 2001(b) of the Pennsylvania Rules of Criminal Procedure. That Rule provides:

"(b) An application for relief under this Rule shall be made not later than five days before the trial. An application may be made, in the prosecution county only, at any time until the evidence is offered at the trial if opportunity therefor did not previously exist, or if the defendant was not aware of the ground for the application, or if a prior application for relief has been made in the seizure county but has not been finally determined, or the interests of justice require it."

It is clear from the above Rule that a motion to suppress must be made no later than five days before

trial; that within the limitations as set forth in the rule a motion for suppression can at times be presented during the course of trial. However, no provision is made in the rule for presentation of an argument in support of a motion to suppress evidence *after* the trial is completed and the defendant found guilty and sentenced.

Appellant alleges no reason, nor does the record reveal any, which would relieve him from the limitations imposed by Rule 2001(b).

Furthermore, the question here is not of evidence illegally obtained from defendant by the police officers during the course of an illegal search and seizure or illegal arrest. The police officer testified he saw appellant toss the heroin on a cell bench and appellant took the stand to deny he ever tossed anything from his person or that any of the officers picked up anything from his person.

The claim, therefore, is not of evidence illegally obtained from the defendant but a claim that the evidence introduced did not come from the defendant, which presents merely an issue of fact and credibility for determination by the fact-finder, here the Trial Judge, who chose to believe the police officer. No reason appearing for disturbing that determination, we affirm the lower court's refusal of the defendant's motions which were based on the failure to suppress the evidence.

Accordingly we affirm the judgments entered at No. 131 and No. 132 June Sessions, 1968, and order that the defendant appear before the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in this case was made a supersedeas.

HOFFMAN and SPAULDING, JJ., concur in the result.